IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER PRICE, #808397 § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:13-CV-5002-P-BK |
| § | | |
| § | | |
| CHARLES SHIPMAN, et al., § | | |
| Defendants. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

On December 26, 2013, Plaintiff, a state inmate, filed a *pro se* civil rights complaint under [42 U.S.C. § 1983](#) against Parole Commissioners Charles Shipman and Marsha S. Moberley, and Parole Board Member James LaFavers. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

I. BACKGROUND

The complaint asserts that Defendants have impaired Plaintiff's "obligation" on various "contracts." (Doc. 3 at 3). Although Plaintiff has been eligible for parole since 2008, he contends Defendants have "denied [him] the chance and opportunity to render performance on all contract obligations, such as debts that [he] owe[s] Dallas County, Dallas Independent School District, etc." *Id.* at 4. He also claims Defendants have "not allowed [him] the physical freedom to deal with contract obligations," even though he has served over "17 years flat" on his 25-year

state sentence.  *Id.*  Plaintiff requests that he "be allowed to be put into [a] position to fulfill [his] contract obligations in Dallas."  *Id.*[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's claims are frivolous.

To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not allege the deprivation of a constitutional right.  His bare allegation that he was denied the "opportunity to render performance on all contract obligations" that he owes in Dallas County does not rise to the level of a constitutional violation.  Moreover, insofar as he seeks to challenge Texas's parole review procedure, he has no liberty interest in parole under

---

[1] As reflected on the Texas Department of Criminal Justice website, Plaintiff was convicted of aggravated robbery and sentenced to twenty-five years imprisonment in Dallas County on November 24, 1997.

Texas law and, thus, cannot mount a challenge against state parole review procedures on procedural or substantive due process grounds.  See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Accordingly, Plaintiff's claims lack an arguable basis in law and should be dismissed as frivolous.

To the extent Plaintiff requests the Court to grant mandamus relief compelling Defendants to "put [him] into [a] position to fulfill [his] contract obligations in Dallas," that is, to allow him "physical freedom" (Doc. 3 at 4), his claim fares no better.  Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.  See Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  Here, Plaintiff's complaint can be construed only to seek mandamus relief against Defendant state parole officials to compel them to release him from custody.  Accordingly, Plaintiff's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous.  See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

SIGNED January 9, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."