**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WALTER PRICE, #808397** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:13-CV-5002-P-BK** |
| | § | |
| | § | |
| **CHARLES SHIPMAN, et al.,** | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

 The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case.  Plaintiff filed objections and a motion for preliminary injunction, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

 The Magistrate Judge recommended that this case be dismissed because Plaintiff's bare allegation that he was denied the "opportunity to render performance on all contract obligations" that he owes in Dallas County does not rise to the level of a constitutional violation, which is necessary to raise a claim under 42 U.S.C. § 1983.  In his objections, Plaintiff relies on the Contract Clause, Article 1, Section 10, of the United States Constitution, which provides "that no state shall impair the obligation of contract."  (Doc. 7 at 1).  However, a cause of action under the Contract Clause must be based on a legislative act that impairs a contractual relationship. *General Motors Corp. v. Romein,* 503 U.S. 181, 186 (1992) (quoting *Allied Structural Steel Co. v. Spannaus,* 438 U.S. 234, 244 (1978)) (when a litigant contends that a legislative amendment has impermissibly impaired contractual obligations, the court's inquiry initially focuses on "whether the change in state law has 'operated as a substantial impairment of a contractual

relationship.'"). Plaintiff has not alleged the impairment of a contractual relationship as a result of a change in state law. He merely asserts that he is unable to "cash checks, accept money orders, pursue business matters, [and] pay off all taxes" (purported contractual obligations in connection with a living trust that he established in 2011) while confined within the Texas Department of Criminal Justice-Institutional Division. (Doc. 7 at 4; Doc. 9 at 2). He, thus, requests that he be "place[d] under the custody of [the] Parole Division." (Doc. 7 at 4). Alternatively, he requests that the Defendants be enjoined from "impair[ing] [his] ability to contract" and "if they do find them liable for [his] loss of income." (Doc. 9 at 4). While Plaintiff concedes that he does not have a constitutional right to parole, the prayer for relief in his objection -- that he be "place[d] under the custody of [the] Parole Division" -- is in part a request that he be released on parole. (Doc. 7 at 4).

Plaintiff's filings, even when liberally construed in accordance with his *pro se* status, cannot be interpreted to raise a constitutional violation. Accordingly, his objections and motion for reconsideration (Doc. 7, 9) are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. In addition, because Plaintiff has not met the criteria for warranting a preliminary injunction, his first motion for preliminary injunction (Doc. 8) is **DENIED**. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Moreover, because Plaintiff's second motion for preliminary injunction seeks to raise a new, unrelated claim without seeking leave to amend (namely that Defendants be ordered not to "give any consideration of the Plaintiff's litigation activities [in this case] when they do determine his candidacy for parole"), it is likewise **DENIED**. (Doc. 10 at 1-2).

IT IS THEREFORE ORDERED that this case is summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).  In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[2]  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 21st day of February, 2014.


_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order.  A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.